FILED
 2011 Feb-10 PM 02:00
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK BRANDON PHILLIPS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:09-CV-01635-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The claimant, Mark Brandon Phillips, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for child's insurance benefits.  Phillips timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

II.   Background.

Phillips was born on June 18, 1976, and he attained age twenty-two on June 17, 1998, the day before his twenty-second birthday.  (Tr. at 13, 15.)

Phillips contends that he became disabled at birth due to Asperger's Syndrome. Phillips has at least a high school education and is able to communicate in English. (Tr. at 18.)

Federal regulations allow for an award of child insurance benefits if the claimant is eighteen years-old or older and has a disability that began before the age of twenty-two. 20 C.F.R. § 404.350(a)(5). The five-step sequential evaluation process is utilized. *See* 20 C.F.R. § 404.1520.

The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to

step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  (*Id.*)  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Phillips

had not engaged in substantial gainful activity since the date of his birth. (Tr. at 15.) The ALJ also determined that, prior to attaining age twenty-two, Plaintiff's "adjustment disorder with depressed mood and social withdrawal" and "developmental coordination disorder" were "severe" impairments, based on the requirements set forth in the regulations. (*Id*.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id*. at 17.) The ALJ determined that prior to attaining age twenty-two, Phillips had the residual functional capacity to perform a full range of work at all exertional levels. (*Id*. at 17-18.)

The ALJ found that Phillips would not be able to perform his past relevant work prior to the age of twenty-two. However, after considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs existing in significant numbers in the national economy that Phillips could have performed. (*Id*. at 18-19.) Noting that Plaintiff's ability to perform work was compromised by non-exertional levels, the ALJ determined that these non-exertional limitations had little

to no effect on the occupational base of unskilled work. (*Id*. at 19.) The ALJ concluded his findings by stating that Plaintiff "was not under a disability as defined in the Social Security Act, at any time prior to June 17, 1998, the date he attained age 22." (*Id*.)

III.  Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

IV. Discussion.

Phillips filed the instant action, *pro se*, on August 14, 2009, asking for judicial review of the ALJ's decision. (Doc. 1.) However, Phillips failed to submit any brief, argument, list of authorities, or statement in support of his appeal. The Commissioner submitted a brief (Doc. 10), and Phillips did not

submit a reply. Deadlines for submissions have passed, and the issues in this case are ripe for decision. Phillips has not pointed to any errors in the ALJ's opinion.

This Court, however, has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Phillips was not disabled prior to the date he attained age twenty-two.

V. Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this <u>10th</u> day of <u>February 2011</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297